**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

CALEB M. MARSHALL ,                              Civil Action _____

    Plaintiff,

    v.

MZP INDUSTRIAL SERVICES, INC.**,**

    Defendant.                              JURY TRIAL DEMANDED

### CIVIL COMPLAINT

Plaintiff, Caleb M. Marshall, by undersigned counsel and pursuant to Fed.R.Civ.P. 8, files the foregoing Civil Complaint seeking legal and equitable relief for the race discrimination Defendant inflicted upon him.

### I.    Jurisdiction

1.    The Jurisdiction of this Court is invoked pursuant to Section 1 of the Civil Rights Act of 1866, 42 U.S.C. §1981, 28 U.S.C §§1331 and 1343(a)(3) and this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

### II.    Venue

2.    Venue is proper in the Western District of Pennsylvania, in that this action arises out of events that occurred in Beaver County.

### III.    The Parties

3.    Plaintiff, Caleb M. Marshall, is an adult individual who resides in Beaver County, Pennsylvania. He is an African-American.

4.    Defendant, MZP Industrial Services, Inc. is a Pennsylvania corporation, which has its principal place of business is located at 328 14th Street, Ambridge,

Pennsylvania 15003. At all times relevant to this action, Defendant was Mr. Marshall's employer.

### IV.    Factual Background

5.    On July 7, 2024, Defendant hired Mr. Marshall as a Boilermaker/Welder and assigned him to work at Tenaris Koppel Tubulars Corporation, located at 6403 6th Ave, Koppel, PA 16136.

6.    Mr. Marshall is the only African American employee assigned to his work site.

7.    On August 13, 2024, Mr. Marshall's supervisor, Superintendent Jon Lisk, threatened to dock Mr. Marshall's pay for tardiness, despite other workers, who are not African American, arriving at work tardy without any such threat.

8.    On August 14, 2024, Mr. Lisk belittled Mr. Marshall regarding a work task in the presence of other workers, despite not belittling other non-African American workers regarding work matters.

9.    Mr. Marshall told Mr. Lisk that he was speaking to him like a slave and in a discriminatory manner.

10.    In response, Mr. Lisk said, "I don't care" and told Mr. Marshall that he can "go home."

11.    Mr. Marshall left the work site under the assumption that he was being terminated and told Mr. Lisk that he would be speaking to Mr. Lisk's boss.

12.    On August 14, 2024, Mr. Marshall called Defendant's CEO, Jakub Kolar, his concerns that he was being targeted by Mr. Lisk because of his race, African American.

13.    Mr. Kolar told Mr. Marshall that he still had his job and that he should email Mr. Kolar his complaint.

14.    Later that day, Mr. Marshall followed Mr. Kolar's instruction and emailed Mr. Kolar regarding his concerns that he was being targeted by Mr. Lisk because of his race, African American.

15.    On August 15, 2024, Defendant's Safety Manager, Lisa May, met with Mr. Marshall and informed him that, per instruction from Mr. Kolar, he was being terminated due to the sensitivity and seriousness of Mr. Marshall's email complaint of race discrimination.

16.    During their meeting, Mr. Marshall asked Ms. May at least three times to confirm that he was being terminated because he submitted a complaint of race discrimination to Mr. Kolar.

17.    Ms. May confirmed that Mr. Kolar made the decision to terminate Mr. Marshall for his complaint of race discrimination.

**Count I**
**42 U.S.C. §1981**
**<u>Retaliation</u>**

18.    Plaintiff incorporates by reference the allegations in Paragraph 1 to 17 as if fully restated.

19.    Defendant discharged Mr. Marshall because of his protected activity and therefore, deprived him of the same right to make and enforce contracts as is enjoyed by white citizens in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

20.    Defendant's action in firing Mr. Marshall because of his complaints of race discrimination was undertaken with reckless indifference to Plaintiff's federally protected

right to make and enforce contracts irrespective of his race and/or complaints of race discrimination.

21.     As a direct result of Defendant's discriminatory actions in violation of Section 1981, Mr. Marshall has lost wages and other economic benefits of employment with Defendant, in addition to suffering extreme emotional distress, depression, and like conditions.

WHEREFORE, Plaintiff demands judgment against Defendant pursuant to 42 U.S.C. §1981 as follows:

a.     That Defendant be ordered to place Plaintiff into the position he should have had but for Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b.     That Defendant be required to compensate Plaintiff for the full value of wages, he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the ones which Plaintiff was denied;

c.     That Defendant be required to provide Plaintiff with front pay if the Court determines placing Plaintiff in a similar position is not feasible;

d.     That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's expected retirement date;

e.     That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

f.     That Plaintiff be awarded punitive damages in an amount to be determined at trial;

g.     That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by Section 1981;

h.     That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee; and

    i.        That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted:

*/s/ Colleen E. Ramage*
Colleen E. Ramage
PA I.D. No. 64413

Nikki Velisaris Lykos
PA I.D. No. 204813

Ramage Lykos, LLC
525 William Penn Place
28th Floor
Pittsburgh, PA  15219
(412) 325-7700 – phone
(412) 325-7755 – fax

cramage@ramagelykos.law
nlykos@ramagelykos.law

Attorneys for Plaintiff